R. Marsil Johnson
Jehan'Ad G. Martinez
BLAIR STERLING JOHNSON & MARTINEZ
A Professional Corporation
1411 Pale San Vitores Road, Suite 303
Tamuning, Guam 96913-4232
Telephone: (671) 477-7857
Facsimile: (671) 472-4290
Email:  rmarsjohnson@bsjmlaw.com
        jgmartinez@bsjmlaw.com

*Attorneys for Limitations Petitioner MMS Guam Corporation*

**FILED**
DISTRICT COURT OF GUAM
OCT 21 2024
JEANNE G. QUINATA
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MMS GUAM CORPORATION as owner/operator of the Ocean Pro 31, GU3600CP and its engines, equipment, tackle, apparel and appurtenances, FOR EXONERATION FROM and/or LIMITATION OF LIABILITY | IN ADMIRALTY<br><br>CIVIL CASE NO. 24-00024<br><br>**VERIFIED COMPLAINT FOR EXONERATION FROM and/or LIMITATION OF LIABILITY** |

**COMES NOW**, Limitation Petitioner, **MMS GUAM CORPORATION**, as Owner/Operator of the Ocean Pro 31 (also known as "OP 31"), GU3600CP, in a civil and maritime cause of action for exoneration from and/or limitation of liability pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Marine Claims, and in support thereof Limitation Petitioner would respectfully show unto this Honorable Court as follows:

### I. JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C §1333 and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims & Asset Forfeiture Actions of the Federal Rules of Civil Procedure (the "Supplemental Rules"), all as more fully hereinafter appears.

**ORIGINAL**

2. Limitation Petitioner is, and at all material times hereinafter mentioned was, a Guam for-profit corporation doing business in the Territory of Guam, with its principal place of business located in Guam. Limitation Petitioner at all times material hereto was and is the Owner and Operator of the Ocean Pro 31, GU3600CP (the "Vessel").

3. As is set forth below, Limitation Petitioner and the Vessel are located within this District, and the alleged incident giving rise to potential claims in this action occurred within this District. Accordingly, Limitation Petitioner affirmatively shows that venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules.

4. Limitation Petitioner first received a claim in writing on June 28, 2024, at which time a Complaint and Jury Demand for Damages from Claimants Margaret St. Andre and William Adrian St. Andre (husband and wife) was delivered to Limitation Petitioner. Claimant Margaret St. Andre alleges that she was injured on November 5, 2022 while aboard a parasail attached to the Vessel. Claimant William Adrian St. Andre alleges loss of consortium resulting from his wife Margaret St. Andre's injuries. Therefore, this Complaint has been timely filed within six (6) months from the date Limitation Petitioner received first written notice of a claim from any claimant for losses or damages that any person, firm, corporation or other entity claims to have sustained while the Vessel was on the voyage in question.

5. In their Complaint and Jury Demand for Damages, Claimants pray for damages in excess of $6,000,000.00. Thus, the claim has the potential to exceed the Limitation Fund set out in Section III, below.

II. **FACTS GIVING RISE TO LIMITATION PETITIONER'S RIGHT TO EXONERATION FROM OR LIMITATION OF LIABILITY**

6. The Vessel is a 28-foot-long fiberglass parasailing vessel with a ten-foot draft and two-foot beam, built in 1995 in Lake Havasu, Arizona. The Vessel is regularly utilized in connection with Limitation Petitioner's business operations in and around the waterways of this

Federal District (specifically around Family Beach, Piti), and its current homeport is Guam. Prior to and at all times hereinafter described, Limitation Petitioner exercised due diligence to make and maintain the Vessel and its equipment and appurtenances in all respects seaworthy, and at all times material hereto the Vessel was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped, victualed and furnished, and well and sufficiently fitted with suitable machinery, gear, tackle, apparel, appliances and equipment, all in good order and condition and suitable for the service in which the Vessel was intended and engaged.

7. Claimant Margaret St. Andre claims that she sustained personal injuries while aboard a parasail attached to the Vessel on November 5, 2022. Specifically, Claimant Margaret St. Andre claims that the Vessel carrying the parasail was operating at insufficient speed, causing her to lose lift prematurely and be harshly dragged into the water. She further alleges that a rope or cord from the Vessel came into direct contact with her as she was being dragged underwater, causing injuries to her carotid artery and spine (hereinafter referred to as the "Subject Incident"). At the time of the Subject Incident, the Vessel was operating in Family Beach, Piti. The Vessel was not damaged, lost or abandoned in the Subject Incident

8. The above-described Subject Incident and resulting alleged injuries, losses and damages, including loss of consortium damages claimed by Claimant Margaret St. Andre's husband William Adrian St. Andre, which in all respects are denied by Limitation Petitioner, were done, occasioned and incurred without the privity or knowledge of Limitation Petitioner, or of Limitation Petitioner's management personnel. The Vessel was in all respects seaworthy at the time of the Subject Incident, and Limitation Petitioner had no knowledge of any condition or circumstance that contributed to the purported loss or losses for which any claims may be made.

9. Except as to Claimants Margaret St. Andre and William Adrian St. Andre, Limitation Petitioner is unaware of the identity of any other individuals and/or entities who are

entitled to claim an interest in the Vessel with respect to the incident and reserve their rights to amend their complaint or any other appropriate filing if further individuals and/or entities are discovered.

10. Limitation Petitioner desires to contest any liability of it and of the Vessel for the damages allegedly sustained by those affected by the Subject Incident, and for any and all losses and damages, if any, which occurred during the voyage or on the occasion in question. Limitation Petitioner further claims exoneration from or limitation of liability for any damages sustained by those affected, and for the claim that has been made and those claims which hereafter may be made by any other person, firm, corporation or other entity. Limitation Petitioner would show that it has valid defenses on the facts and on the law to the claims of any present and/or future claimants. Limitation Petitioner, without admitting but affirmatively denying all liability, further claims the benefit of Limitation of Liability as provided in 46 U.S.C.A. §§ 30501 to 30530, inclusive, Rule F of the Supplemental Rules, and any and all Acts of Congress of the United States amendatory thereof and supplementary thereto, and the rules of practice of this Honorable Court, and is entitled to have its liability, if any, limited to the amount or value of Limitation Petitioner's interest in the Vessel following the events in question.

11. As the condition of the Vessel did not in any way contribute to the damages and injuries alleged by Claimant as described herein, and given the fact that Limitation Petitioner also lacked privity and/or knowledge of any alleged unseaworthy condition that is claimed to have caused or contributed to the alleged injuries, losses and damages purportedly sustained in the Subject Incident, Limitation Petitioner as the Owner and/or Operator of the Vessel, is entitled to Exoneration from and/or Limitation of Liability. Therefore, Limitation Petitioner hereby claims the benefit of Exoneration from and/or, in the alternative, Limitation of Liability, as provided by certain laws of the United States; namely, 46 U.S.C.§ 30501, et seq.

### III. AMOUNT OF LIMITATION FUND

12. As per the April 4, 2024, Condition and Valuation Survey Report, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference the same as if set forth at length, the value of the Vessel following the Subject Incident was NINETY THOUSAND AND N0/100 DOLLARS ($90,000.00). As per the Affidavit of Pending Freight executed by Kayo Ikehata, a true and correct copy of which is attached hereto as Exhibit B and incorporated herein by reference the same as if set forth at length, the amount of pending freight at the time of the Subject Incident was TWENTY-ONE AND 00/100 DOLLARS ($21,000.00). Accordingly, the entire aggregate amount or value of Limitation Petitioner's interest in the Vessel and her then pending freight does not exceed the sum of $111,000.00.

13. The amount of the aforesaid claim referenced in Paragraph 7, above, while the exact amount is currently unknown, is alleged in the Complaint and Jury Demand for Damages to be no less than $6,000,000.00.

14. If it later appears that Limitation Petitioner is or may be liable and the amount or value of Limitation Petitioner's interest in the Vessel and her then pending freight, as aforesaid, are not sufficient to pay all losses in full, then claimants shall share pro rata in the aforesaid sum, saving to claimants any rights to priority they may have as ordered by this Honorable Court

15. All and singular, the premises are true and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

16. Limitation Petitioner shall provide notice of this action to counsel for Claimants Margaret St. Andre and William Adrian St. Andre as required by the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Marine Claims.

**WHEREFORE, PREMISES CONSIDERED,** Limitation Petitioner **MMS GUAM CORPORATION**, respectfully prays as follows:

A. That the Court issue an Order stating that Limitation Petitioner has complied with Supplemental Rule F(1) of the Federal Rules of Civil Procedure and ADLR F(1) of the District Court of Guam Admiralty Rules, which require posting of security for the value of the Vessel and for costs;

B. That the Court issue an Order directing the issuance of a Notice to be posted once a week for four consecutive weeks in a newspaper of general circulation in Guam pursuant to ADLR F(4) of the District Court of Guam Admiralty Local Rules to all persons, firms, corporations or other entities who might have any claim arising out of the voyage in question or the Subject Incident, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Limitation Petitioner on or before the time fixed by the Court in the Notice or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint and Petition at or before a certain time to be fixed by the Notice, and requiring such Notice;

C. That the Court issue an order directing all claims and proceedings against Limitation Petitioner or Limitation Petitioner's property with respect to this matter to cease;

D. That the Court issue an injunction enjoining the further prosecution of any action or proceeding against Limitation Petitioner or Limitation Petitioner's property with respect to any claim subject to limitation in this action;

E. That the Court in this proceeding adjudge the following:

    i. That Limitation Petitioner is not liable to any extent for any losses, injuries or damages of any party in any way arising out of, during, or consequent upon the aforesaid Subject Incident or voyage of the Vessel, and that therefore the Vessel and Limitation Petitioner are exonerated from any and all liability which has been or may be claimed as a result of the events in

question; or

   ii.  Alternatively, if Limitation Petitioner shall be adjudged liable, then that such liability be limited to $111,000.00, the amount or value of Limitation Petitioner's interest in the Vessel, her engines, tackle, gear, equipment, machinery and apparel, and her then pending freight, at the time of the Subject Incident, and that the money paid or secured to be paid as aforesaid be divided pro rata among such claimants as they may duly prove their claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Limitation Petitioner from all further liability.

  F.  That Limitation Petitioner have such other and further relief, both general and special, at law, admiralty or equity, to which it may show itself to be justly entitled.

  **DATED** this 9th day of October, 2024.

                **BLAIR STERLING JOHNSON & MARTINEZ**
                A PROFESSIONAL CORPORATION

             BY: _____
                **R. MARSIL JOHNSON**
                **JEHAN'AD G. MARTINEZ**
                *Attorneys for MMS Guam Corporation*

**ATTACHMENTS:**
EXHIBITS "A" & "B"

- 7 -
Case 1:24-cv-00024   Document 1   Filed 10/21/24   Page 7 of 17

## VERIFICATION

GUAM, U.S.A. )
) ss:
CITY OF HAGÅTÑA )

I, **SHIGENORI IKEHATA**, President of Limitation Petitioner **MMS GUAM CORPORATION**, do state that I am an authorized representative of Limitation Petitioner, that I have read the foregoing **VERIFIED COMPLAINT FOR EXONERATION FROM and/or LIMITATION OF LIABILITY**, and that the same is true of my own knowledge.

I declare pursuant to 28 U.S.C. §1746 and under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON** October ___8___, 2024.

**MMS GUAM CORPORATION**

By: _____
Name: **SHIGENORI IKEHATA**
Its: President

U:\A56\014226-0459//G:/Drive/DB Insurance/Pld/2024.09.03 - Verified Complaint for Exoneration from and-or Limitation of Liability re MMS Guam Corp. - Admiralty Case

# EXHIBIT "A"

Report # 24040424 / Invoice # 24040624           April 4, 2024

Survey Report for: DSI Corporation
DBA: SUNNYSIDE UP, Guam
Tamuning, Guam 96931

# "OP 1"



(Photo # 1) Vessel identification photo

A condition survey for the purpose of obtaining marine insurance was conducted on the vessel "OP 1" on March 27, 2024. "OP 1" was inspected while afloat at Gregoria T. Perez Marina, Hagatna, Guam. Present at the survey was the vessels' owner and operator, Mr. Taka Tsujii. Hull and machinery spaces were inspected.

## Summary

As can be ascertained by a general inspection of the vessel it is the opinion of the undersigned that the overall condition of this vessel is to be considered suitable for insurance as found. This examination was conducted without opening closed elements such as double bottoms or tankage. Machinery and electronics were not thoroughly tested, or otherwise proven but appear to be properly installed and maintained. The vessel was inspected while afloat.
Stability characteristics and inherent structural integrity are not addressed, and no opinion is expressed in that respect.
Specifications, structural and equipment details addressed, are described in this report.

---

**Key to Condition**

*EXCELLENT - like new   GOOD - Serviceable, fully functional*
*FAIR - Serviceable but needs maintenance   POOR - Due for immediate replacement or repair*

---

## Specifications

Name:    Registration: GU 3600 - CU    Hull Identification no: CHT02300G495
Dimensions: LOA 28'    Beam: 10'    Draft: 2'    Net Tonnage: <5 Tons
Type/Trade: Uninspected passenger vessel/Parasail    Year/Location Built: Lake Havasu, Arizona/1995
Last Dry dock: Regularly trailered.    Color Scheme: Yellow and white

## Structural & Mechanical Details

**Hull:** Fiberglass              **Hull Shape:** Modified V
**Hull Protection:** U/W: Epoxy barrier coats anti fouling paint
**Frames:** Fiber glass, composite    **Stringers:** Fiber glass, composite
**Transom:** Sheer
**Decks:** Fiber glass    Non Skid: Yes, all deck surfaces.    Self Bailing: Yes
Condition: **GOOD**

### Hatches and Openings
No: (4) Fiberglass hatches  Condition: **FAIR**

**Tankage:** (2) Aluminum tanks 65 gallons each Vented: Yes

**Through Hulls** *(Below Waterline)*
(1) Hose: USCG approved steel reinforced rubber hose with double stainless clamps

## Machinery

**Main Propulsion: YANMAR 6LP**
 Installed:  Nov. 2019    Ventilation: Turbo Assisted       Cooling: Raw water
H. P. : 260        Cruising Speed: 16 knots
**Transmission:** MERCRUISERr Bravo II Outdrive
Condition:  **GOOD**

### Steering
Type: Hydraulic helm   Hoses and Fittings: USCG Approved    **Engine Controls:** cable actuated
Condition: **GOOD**

**Fuel:** Type: Diesel    No. of tanks: (2).    Grounded: YES    Vent Screen: YES
Material: Aluminum    Capacity: Reported as 70 gallons each
Ventilation: hose to screen series
Condition: **GOOD**

## Electrical

**Wiring:** Stranded tinned copper, sheathed     Voltage: 12VDC
Electrical Protection: fused breaker panels, isolation switches.    Switch Gear Labeling: YES
Terminal fittings and junctions properly secured: YES
Condition: **GOOD**

**Batteries:** No: (2) deep cycle marine 12V     Protected/Isolated: YES

**Instruments:**
Engine Water Temperature: YES     Engine Oil Pressure: YES   Tachometer/Hour Meter: YES
Transmission Pressure: YES   Voltmeter: YES
Condition: **GOOD**

**Alarms**
High Water: YES   Engine Water Temperature: YES     Engine Oil Temperature: YES
Alternator Failure/ DC Amperes: YES
Condition: **GOOD**

**Running Gear** *(Above Waterline)*
(6) Cleats  (1) Parasail Mast (1) Parasail line winch (4) Para sails (1) 15lb Danforth anchor and rode
**Running Gear** *(below waterline)*
MERCRUISER BRAVO II stern drive with 17 inch prop
Condition: **GOOD**

## Navigation

Navigation Lights: 12 volt DC.

## Safety

Fire Extinguishers: (2) Type A Size II
Life Preservers:  8     Throwable Life Rings: (1) with lanyard    First Aid Kit: Yes
Pyrotechnics: All in date     Properly stored and labeled?: Yes.
Condition: **GOOD**

## Description

 **"OP 1"** is a fiberglass boat designed for parasailing tours. The boat has a large bow locker forward holding spare parasails and ground tackle.
Seating aft of the bow consists of two fiberglass molded upholstered bench seats facing inboard. The seats had lockers underneath them for passengers' personal items.
To the starboard aft of passenger seating, a molded fiberglass helm station is found. The helm station holds steering and instruments serving the engine, with throttle, clutch and winch controls to the outboard.
Aft of the helm station is the flight deck, which is served by a winch and a short mast for launching the parasails. This deck is partially protected by a stainless steel railing.

## Condition

"OP 1" was found in GOOD condition and appears well suited for her intended use.
Housekeeping is good. There is some fading of coatings, minor cracks and scratches in the gel coat. Upholstery is intact and in FAIR condition.

## Photos



(Photo # 2) Showing "flight deck of OP 1



(Photo # 3) Showing passenger seating and bow area



(Photo # 4) Showing the helm station



(Photo # 5) Showing the engine and engine space



(Photo # 6) Showing the hydraulic PTO system and winc

## Vessel Security

"OP 1" is tied up in a secure area that is patrolled by the Guam Port Authority Police department. "OP 1" can be pulled from the water with her trailer.

## Valuation
**$90,000**
**(NINETY THOUSAND DOLLARS)**
**Estimated Present Day Market Value**

Estimated Present Day Replacement Value
$130,000
(ONE HUNDRED AND THIRTY THOUSAND DOLLARS)
DELIVERED TO GUAM

The valuation was made on the basis of an open market which is defined as being the best price which the title interest might reasonably be expected to obtain on the basis of a sale by private treaty at the date of valuation assuming the following: -

1. an 'as is - where is' basis.
2. a willing buyer and seller.
3. the standard sale agreement.
4. the undersigned cannot and does not guarantee or otherwise warrant the value noted.
5. it should be noted that the value may alter dramatically with any rise or fall in general economic conditions.

This report is issued without prejudice and is the property of the Requestor(s) as listed above. Any use by another party without the express written consent of the Requestor or the undersigned is prohibited. It is issued subject to the understanding that this surveyor is not responsible for error, omission, negligence or misstatement. This report is a statement of my opinion based on the conditions as I found them. It is not a warranty express or implied. No machinery was opened or operated unless stated herein. All structural members were inspected except where concealed by fastened floorboards, ceilings, machinery, and/or tanks. No moisture meter readings were taken or recorded unless otherwise stated herein.

Signed:                                                                                                02 April 2024

*Will Naden*
Principal Surveyor,
FAIR WIND MARINE SERVICES LLC

# EXHIBIT "B"

R. Marsil Johnson
Jehan'Ad G. Martinez
BLAIR STERLING JOHNSON & MARTINEZ
A Professional Corporation
1411 Pale San Vitores Road, Suite 303
Tamuning, Guam 96913-4232
Telephone: (671) 477-7857
Facsimile: (671) 472-4290
Email: rmarsjohnson@bsjmlaw.com
       jgmartinez@bsjmlaw.com

*Attorneys for Limitations Petitioner MMS Guam Corporation*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) | IN ADMIRALTY |
| OF MMS GUAM CORPORATION as ) | |
| owner/operator of the Ocean Pro 31, ) | CIVIL CASE NO. _____ |
| GU3600CP and its engines, equipment, ) | |
| tackle, apparel and appurtenances, FOR ) | |
| EXONERATION FROM and/or ) | **AFFIDAVIT OF PENDING FREIGHT** |
| LIMITATION OF LIABILITY ) | |
| _____ ) | |

GUAM, U.S.A.          )
                      ) ss:
MUNICIPALITY OF       )
  TAMUNING            )

**BEFORE ME**, the undersigned authority, personally came and appeared Kayo Ikehata, who, after first being duly sworn by me, did depose and state as follows based on his personal knowledge:

1. That he is familiar with the incident involving Margaret St. Andre that occurred on or about November 5, 2022, and the status and operations of the Ocean Pro 31, GU3600CP at the time of said incident.

//

//

//

//

2. That based upon his personal knowledge, the freight pending on or associated with the Ocean Pro 31, GU3600CP at the time of said incident was $21,000.00.

_____
KAYO IKEHATA

**SUBSCRIBED AND SWORN TO BEFORE ME** by ___8TH___ on this the day of October, 2024, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC, TERRITORY OF GUAM

JENNIFER D.S. MENDIOLA
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: APR. 12, 2025
1411 Pale San Vitores Road, Suite 303 Tamuning, Guam 96913-4232

U:\A56\014226-0459
G:/Drive/DB Insurance/Pld/2024.09.03 - Affidavit of Pending Freight re MMS Guam Corp - Admiralty Case